UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**MITCHEL B CLOUSER** and
**BRENDA S CLOUSER**,

Debtors.

Case No. **06-60894-13**

## *MEMORANDUM of DECISION*

At Butte in said District this 9th day of October, 2007.

In this Chapter 13 bankruptcy, after due notice, a hearing was held August 16, 2007, in Missoula on Debtors' Motion to Modify Chapter 13 Plan filed on June 27, 2007, together with the Trustee's objection thereto filed July 9, 2007. Attorney Edward A. Murphy of Missoula, Montana appeared at the hearing on behalf of the Debtors and in support of Debtors' Motion. The Chapter 13 Trustee, Robert G. Drummond of Great Falls, Montana, also appeared at the hearing, but in opposition to Debtors' Motion. At the conclusion of the August 16, 2007, hearing, the Court granted the Trustee ten days to file a brief in support of his position and granted Debtors five days thereafter to file a response. The Trustee and Debtors have filed their briefs and the matter is now ready for decision.

The Court has exclusive jurisdiction of this Chapter 13 bankruptcy case under 28 U.S.C. § 1334(a). This Memorandum of Decision sets forth the Court's findings of fact and conclusions of law. For the reasons discussed herein, the Court finds that Debtors' proposed modified Chapter 13 plan does not meet the requirements of 11 U.S.C. § 1329.

1

Debtors commenced their Chapter 13 bankruptcy on October 25, 2006. Following a hearing held January 11, 2007, the Court entered a Memorandum of Decision on January 17, 2007, denying confirmation of Debtors' Amended Chapter 13 plan filed January 10, 2007, on the basis that said plan failed to satisfy the "best interests of creditors" test found at 11 U.S.C. § 1325(a)(4). At that time, the Trustee maintained that Debtors' residence had a value of $375,000.00 to $385,000.00, while Debtors maintained that the value of their home was only $260,000.00. The Court did not reach the issue regarding the value of Debtors' residence in the January 17, 2007, Memorandum of Decision because Debtors had not claimed a homestead exemption and the Court thus concluded that Debtors' Amended Chapter 13 plan did not meet the "best interests of creditors" test. Debtors subsequently filed an amended Schedule C to claim a homestead exemption and a Second Amended Chapter 13 plan, which plan was, with the Trustee's consent, confirmed on February 1, 2007.

In the interim. Wells Fargo Home Mortgage, Inc. ("Wells Fargo") filed a Motion to Modify Stay on January 31, 2007. In its motion, Wells Fargo asserted that Debtors' home had a fair market value of $399,000.00 and further maintained that Wells Fargo was owed $118,512.17 as of that date. Debtors filed an Objection to Wells Fargo's Motion on February 12, 2007. In their Objection, Debtors did not dispute the value of Debtors' property as asserted by Wells Fargo in its Motion, but instead argued that they had made a payment on December 4, 2006, and February 1, 2007, and would make the November 2006 payment within 10 days and would make the February 2007 payment by the end of the month. Wells Fargo and Debtors subsequently resolved Wells Fargo's motion with a Stipulation that was filed on March 7, 2007, and was approved the following day. The default provision in the Stipulation specifically provides:

2

>   Debtor(s) shall be obligated to perform all the terms and conditions of this Stipulation.  Time is of the essence, and any failure by the Debtor(s) to timely perform any obligation hereunder shall constitute a default by the Debtor(s).  In the event of a default by the Debtor(s), Creditor is entitled to proceed to immediately exercise its remedies in seeking foreclosure and liquidation of the collateral described in the Motion filed by Creditor, without further notice to Debtor(s) or Motion to Modify Stay or Order Modifying Stay from the Bankruptcy Court.  In the event of a default by the Debtor(s) under this Stipulation and Agreement, Creditor, shall not be further required to obtain additional relief from the bankruptcy automatic stay and may proceed directly to exercise its remedies available under this agreement and under state law.

Debtors did not perform according to the terms and conditions of the approved Stipulation and Agreement and as a result, Wells Fargo has scheduled a trustee's sale of Debtors home sometime in October of 2007.  In an effort to short-circuit the trustee's sale, Debtors have filed the instant Motion to Modify Chapter 13 Plan seeking to refinance their home and pay off their Chapter 13 Plan early.

The Trustee opposes Debtors' request for early payoff on grounds that Debtors' proposed modified plan is an indicia of Debtors' bad faith and on the basis that "Debtors should not be entitled to pay off their Chapter 13 plan prior to the completion of the applicable commitment period unless they are going to pay all creditors in full."  In their post-hearing briefs, the parties have framed the issue as whether the term "applicable commitment period" found in 11 U.S.C. § 1322(b)(1)(B) is temporal or a multiplier.

Without reaching the issue as framed by the parties, this Court finds that Debtors' Motion to Modify Chapter 13 Plan must be denied.  Debtors maintain in their Brief in Support of Motion to Modify Chapter 13 Plan filed on September 4, 2007, that their "motion is straightforward enough."  Given Debtors' continued desire to "modify" their Chapter 13 plan, the Court finds it appropriate to enter a ruling that is consistent with the Motion filed by Debtors and the

3

arguments made at the hearing.

Modification of a confirmed Chapter 13 plan is governed by 11 U.S.C. § 1329. Section 1329 provides in subsection (b)(1) that: "Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section." It is Debtors' burden, as the moving party in this instance, to show that their Motion meets the requirements of § 1329.

Section 1325(a)(4), applicable to modifications under § 1329, directs that "the court shall confirm a plan if – the value, as of the effective date of the plan, or property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date". In the Memorandum of Decision entered January 17, 2007, the Court was presented with competing valuations of Debtors' residence ranging from $198,000 as asserted by Debtors in their Schedules, $260,000 as determined in a market analysis performed for Debtors on August 21, 2006, and $375,000 to $385,000 based on a market analysis performed for the Trustee. At that time, the Court concluded that it did not need to resolve the valuation issue because Debtors had not claimed a homestead exemption.

Shortly after the Court entered its Memorandum of Decision on January 17, 2007, Wells Fargo filed its Motion to Modify Stay asserting that the fair market value of Debtors' residence was $399,000. Mont. LBR 4001-1(b) specifically provides that a response to a motion to modify stay "must contain the following: (1) If valuation of property is an issue, the estimation of value asserted by the respondent." Debtors' objection to Wells Fargo's Motion to Modify Stay does not contest the valuation asserted by Wells Fargo, and thus, the Court concludes that Debtors did

4

not, as of February 12, 2007, dispute Wells Fargo's asserted valuation of $399,000.

As of January 31, 2007, Debtors owed Wells Fargo $118,512.17. Debtors' residence is also encumbered by a lien owing to Charles Schuyler in the amount of $6,595.65 and a lien owing to the Sorrel Springs Homeowners Association in the amount of $609.63. In addition, the allowable homestead exemption on the date Debtors' filed their bankruptcy petition was $100,000 under MONT. CODE ANN. § 70-32-104. Adding the above amounts, which total $225,717.45, and subtracting such total from $399,000 shows that Debtors have $173,282.55 in equity in their residence above and beyond their homestead exemption. Such equity is certainly sufficient to pay in full the unsecured claims of $100,947.65 asserted in this case.

Because Debtors propose to only pay unsecured creditors $43,000 under their so-called modified plan, the Court finds that such plan does not meet the requirements of § 1325(a)(4), or in turn, § 1329. Accordingly, the Court will enter a separate order as follows:

IT IS ORDERED that Debtors' Motion to Modify Chapter 13 Plan filed June 27, 2007, is DENIED.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

5